# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-2475

UNITED STATES OF AMERICA

v.

JOHN VINCENT WATSON,
Appellant

_____

Appeal from the U.S. District Court, M.D. Pa.
Judge Robert D. Mariani, No. 3:21-cr-00353-001

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted: Jan. 30, 2026; Decided Feb. 2, 2026

_____

NONPRECEDENTIAL OPINION[*]


BIBAS, *Circuit Judge.* John Watson kidnapped a fourteen-year-old girl for three days, plied her with liquor and marijuana, and used his cellphone to film himself having sex with her. When he left her alone in a hotel room, she found a phone, called police, and told them that Watson had kidnapped her. After police interviewed Watson, they held onto his cellphone until they could get a warrant the next day to search it. When they did, they found four videos and one photo of the victim. A jury convicted him of five counts of producing child pornography. Though Watson challenges his conviction and sentence in four ways, all fail.

_____

[*] This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

First, the trial court properly admitted the cellphone evidence. We review its factual findings for clear error and its legal conclusions de novo. *United States v. Caesar*, 2 F.4th 160, 167 (3d Cir. 2021). Having just heard the victim's account of Watson's kidnapping, there was probable cause (throughout the seizure) to believe that exigent circumstances justified hanging on to Watson's cellphone to prevent him from destroying evidence until they could get a warrant the next day to search it. And after Watson left the police station, police interviewed the victim at greater length and got even more information about the crime. That justified holding the phone until the next day, when the warrant was approved. The warrant was particularized to evidence on the phone relevant to kidnapping and sexual assault. And the warrant application noted that Watson had used it for GPS and contacting others during the relevant days. That was enough for probable cause.

Second, the trial court did not abuse its discretion by denying Watson's motion for a new trial. *See* Fed. R. Crim. P. 33; *United States v. Brown*, 595 F.3d 498, 511 (3d Cir. 2010) (standard of review). District courts need not hold an evidentiary hearing whenever a defendant cries "new evidence." *United States v. Kelly*, 539 F.3d 172, 188 (3d Cir. 2008). Affidavits usually suffice. Only in exceptional circumstances must a court hear live testimony to decide whether new evidence warrants a new trial. There were none here. Watson based his motion on newly discovered impeachment evidence: After trial, a police detective who had testified at his trial was charged in an unrelated case with stealing seized drugs for his own personal use. But that detective had testified only about logging Watson's phone to show chain of custody, not about the merits. He never had the phone. In any event,

the evidence of guilt was overwhelming, including the videos, photo, and Watson's testimony that the phone was his and he had used it to film himself having sex with the victim.

Third, the court's ninety-year sentence does not violate the Eighth Amendment. We review de novo. *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006). As the court put it, Watson's "treatment of the victim in this case can only be described as depraved; that is, evil and corrupt, brutal and barbaric. The damage you inflicted on … this young girl will likely be permanent." Supp. App. 39. Watson also had more than a dozen adult convictions, including indecent assault on a seventeen-year-old, putting him in the highest criminal-history category. Watson's sentence, though long, was still below the life imprisonment recommended by the Guidelines. His sentence was fitting, not grossly disproportionate to his horrific crimes.

At the end of his brief, Watson tacks on the rule of lenity. But he never points to an ambiguous legal provision or explains how the rule of lenity should lead us to read it more narrowly in his favor. Lenity is not a free-floating license for judges to soften criminal provisions that otherwise pass constitutional muster. *Cf. United States v. Barbosa*, 271 F.3d 438, 455 (3d Cir. 2001). Because his conviction and sentence are legally sound, we will AFFIRM.